UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIXENE WINETTE HICKS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 07CV1959 HHK |
| | : |
| LORI J BLEDSOE, | : |
| | : |
| Defendant. | : |

JOINT LOCAL RULE 16.3 REPORT

The parties, having conferred by electronic transmission, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c) and Federal Rule of Civil Procedure 26(f).

Plaintiff Rixene Hicks brings this action for injunctive relief and damages based on a claim that on or about June 6, 2007, the federal defendant, Lori Bledsoe, threatened and held plaintiff hostage in Ms. Bledsoe's office. On October 11, 2007, the plaintiff filed a complaint in the Superior Court of the District of Columbia. On October 31, 2007, defendant removed the Complaint from that Court to the United States District Court and moved to substitute the individual defendant with the United States, Civil Action Number 07-1959, which was assigned to this Court.

Pursuant to Local Rule 16.3(c), the parties state the following:

1. <u>Dispositive Motions</u>: Plaintiff does not believe that the case can be resolved by dispositive motions until after discovery is conducted, including determination of jurisdiction over investigation of assault and battery, and until the investigation is completed. Defendant believes that this case can be resolved with a dispositive motion, specifically, a motion for summary judgment.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: The parties do not anticipate that any additional parties will be joined, that the pleadings will be amended or that the issues in the case can be further narrowed prior to discovery or trial. If there are any amendments, plaintiff recommends that they be submitted sixty (60) days after the completion of discovery.

3. <u>Magistrate</u>: The parties do not consent to referral of the case to a Magistrate Judge for trial. Defendant proposes that discovery matters and/or settlement discussions be referred to a Magistrate Judge at the Court's discretion.

4. <u>Possibility of Settlement</u>: Plaintiff believes that there is a possibility that the case can be amicably resolved. Defendant does not believe that this case can be settled prior to filing its dispositive motion.

5. <u>ADR</u>: Plaintiff believes this case could become a criminal matter upon completion of an official investigation. At this juncture, settlement talks have not occurred. The plaintiff requests ADR and a court appointed attorney for the sole purpose of ADR, if plaintiff has not obtained counsel by time of arbitration. Defendant has no objection to ADR after resolution of its dispositive motion.

6. <u>Motions</u>: Plaintiff is expected to file a motion to delay trial for up to one year, because of extensive corrective surgery of work injury scheduled within 21 days and subsequent recovery period. Defendant anticipates filing a motion for summary judgment. Defendant proposes that a motion for summary judgment be filed on June 11, 2008; that, subsequently, the plaintiff shall have thirty (30) days to file an Opposition; and that fourteen (14) days shall be allowed for any Reply.

7. Initial Disclosures: Plaintiff anticipates that this schedule may be modified upon plaintiff obtaining legal counsel, particularly as it relates to conflicts of interests and preserving constitutional rights. Plaintiff anticipates having family member(s) attend negotiations if, and when, they take place. Defendant can agree to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).

8. Discovery: Plaintiff recommends a period of sixty (60) days after filing of the federal defendant's dispositive motion, if it is not granted. The parties at this juncture do need a protective order. Defendant will file a request a stay of discovery on June 11, 2008.

9. Experts: Plaintiff anticipates that she will be relying on an expert witness and will comply with the requirements of filing Federal Rule of Civil Procedure 26(a)(2). Defendant does not anticipate filing an expert report.

10. Class Action: Not applicable.

11. Bifurcation: At this time, the parties do not believe that bifurcation of trial or discovery is appropriate.

12. Pretrial Conference: The parties propose that the date for the pretrial conference be set after the Court has issued a ruling on the defendant's dispositive motion, or at the Court's convenience.

13. Trial Date: The parties propose that the trial date be set at the final pretrial conference, or at the Court's convenience.

Dated: April 14, 2008                                Respectfully submitted,


_____s/_____
RIXEN HICKS
Plaintiff, <u>Pro</u> <u>Se</u>


_____/s/_____.
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____.
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/ Heather D. Graham-Oliver_____.
Heather D. Graham-Oliver
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-  Fax: (202) 514-
heather.graham-oliver@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIXENE WINETTE HICKS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 07CV1959 HHK |
| | : |
| LORI J BLEDSOE, | : |
| | : |
| Defendant. | : |

ORDER

Upon consideration of the parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby ORDERED that:

1. Discovery will close on _____.

2. Plaintiff's Rule 26(a)(2) report will be due 100 days after the commencement of discovery on _____.

3. Defendant shall file a Motion to Stay on June 11, 2008.

4. Defendant shall file a dispositive motions on June 11, 2008, any Opposition shall be filed thirty (30) days thereafter; and any Reply filed fourteen (14) days thereafter.

It is so ORDERED this \_\_\_\_\_ day of _____, 2008.

_____
United States District Judge