**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          :
**RIXENE HICKS**                                          :
                                                          :
Plaintiffs,                                               : Case No.: 07-1959-HHK
                                                          :
v.                                                        :
                                                          :
**LORI BLEDSOE,**                                         :
                                                          :
Defendant.                                                :
_____ :

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND**
**MOTION FOR SUMMARY JUDGMENT**

COMES NOW PLAINTIFF, Rixene Hicks, by and through counsel, Jimmy A. Bell, Esq.,

and the Law Office of Jimmy A. Bell, P.C., and hereby respectfully submits this Opposition to

Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment.  For cause and

based on the authority cited below, Plaintiff states as follows:

**MATERIAL FACTS IN DISPUTE**

On June 6, 2007, Defendant Bledsoe held a meeting with Ms. Hicks. Exhibit 1. During

this meeting, Defendant Bledsoe demanded that Plaintiff sign a memorandum regarding a

counseling session that Plaintiff did not agree had taken place. Id.  Plaintiff responded that she

did not agree with the memorandum and would not sign it without first having the opportunity to

read the document. Id.  Plaintiff informed Ms. Bledsoe that she wanted a witness at the meeting

and attempted to leave. Id.   At which point, Ms. Bledsoe "hollered" at Plaintiff to sit down and

refused to allow Plaintiff to have a witness present. Id.   Plaintiff informed Ms. Bledsoe that she

was leaving and walked to the door.

Defendant then blocked Plaintiff exit and placed her hand on top of Plaintiff's as Plaintiff attempted to turn the door knob and exit the room.  Defendant again yelled at Plaintiff and demanded that Plaintiff sit down and listen to what Defendant had to say.  Finally, Defendant moved out of Plaintiff's way and allowed Plaintiff to leave. Id.

Defendant is employed as EEO Manager and a federal EEO investigator.  Defendant is tasked with duties including conducting investigations, managing investigations, and advising on EEO matters.

## FACTS

On June 6, 2007, Defendant Bledsoe held a meeting with Ms. Hicks. Exhibit 1. During this meeting, Defendant Bledsoe demanded that Plaintiff sign a memorandum regarding a counseling session that Plaintiff did not agree had taken place. Id.  Plaintiff responded that she did not agree with the memorandum and would not sign it without first having the opportunity to read the document. Id.  Plaintiff informed Ms. Bledsoe that she wanted a witness at the meeting and attempted to leave. Id.   At which point, Ms. Bledsoe "hollered" at Plaintiff to sit down and refused to allow Plaintiff to have a witness present. Id.   Plaintiff informed Ms. Bledsoe that she was leaving and walked to the door.

Defendant then blocked Plaintiff exit and placed her hand on top of Plaintiff's as Plaintiff attempted to turn the door knob and exit the room.  Defendant again yelled at Plaintiff and demanded that Plaintiff sit down and listen to what Defendant had to say.  Finally, Defendant moved out of Plaintiff's way and allowed Plaintiff to leave. Id.

Defendant is employed as EEO Manager and a federal EEO investigator.  Defendant is tasked with duties including conducting investigations, managing investigations, and advising on EEO matters.

**ARGUMENT**

I.      **STANDARD OF REVIEW**

A.      **Standard for Dismissal**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, such a motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  Plaintiff's Amended Complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In making its determination, this Court must consider all well-pled allegations in the Plaintiff's Amended Complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.

Moreover, Federal Rule of Civil Procedure 8 makes clear that Plaintiff need only provide "a short and plain statement of the claim showing that he is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002).  Granting Defendant's motion at this stage in litigation would allow Defendant, in practical terms, to circumvent the mandates espoused by a unanimous Supreme Court. Justice Thomas, writing for the Court, explained: "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and dispose of unmeritorious claims." Id. at 512.

The Court's rationale envisions a timeline, with a Plaintiff's requirement to meet notice

pleading standards in the early stages, discovery in the middle stages up to and including

depositions of plaintiffs and any motions for summary judgment once unmeritorious claims are

evinced through fruitful discovery.  Plaintiff has pled facts sufficient to meet the standards set

forth in Federal Rule of Civil Procedure 8(a)(2).

**B.      Standard for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, the Court must grant summary

judgment when no genuine dispute of material fact exists and the moving party is entitled to

judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986);

Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 214 (4th Cir. 1993); Etefia v.

East Baltimore Comm. Corp., 2 F. Supp.2d 751, 756 (D.Md. 1998). The court is required to

"draw all justifiable inferences in favor of the nonmoving party, including questions of

credibility and of the weight to be accorded particular evidence." Masson v. New Yorker

Magazine, 501 U.S. 496, 520 (1991) (citations omitted). Evidence submitted by the non-movant

is to be believed and all justifiable inferences drawn in his or her favor.  In its response to a

motion for summary judgment, the non-moving party must show evidence of specific facts from

which the finder of fact could reasonably return a verdict in his or her favor. Anderson, 477 U.S.

at 252; Celotex, 477 at 322-23.  In this way, the opposing party demonstrates that he has

discovered admissible evidence for presentation at trial. Celotex, 477 U.S. at 327. If the

opponent fails to establish a genuine dispute as to a material fact, the moving party is entitled to

judgment as a matter of law. Celotex, 477 U.S. at 323. While the non-moving party must do

more than merely raise some doubt as to the existence of a fact, the moving party ultimately

bears the burden of demonstrating the absence of all genuine issues of material fact. See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**II.     DEFENDANT WAS NOT ACTING WITHIN THE SCOPE OF HER EMPLOYMENT AND ITS CERTIFICATION DOES NOT PROVIDE IMMUNITY FROM SUIT.**

The Federal Employees Liability Reform and Tort Compensation Act of 1988

("FELRTCA"), Pub. L. No. 100-694, 102 Stat. 4563 (codified in part at 28 U.S.C. §§ 2671,

2674, 2679), confers immunity on federal officials "by making an FTCA action against the

Government the exclusive remedy for torts committed by [such] employees in the scope of their

employment." United States v. Smith, 499 U.S. 160, 163 (1991).  When a federal employee is

sued for a wrongful or negligent act, FELRTCA empowers the Attorney General to certify that

the employee "was acting within the scope of his office or employment at the time of the incident

out of which the claim arose. . . ." 28 U.S.C. § 2679(d)(1).  Upon certification, the employee is

dismissed from the action and the United States is substituted as defendant. Gutierrez de

Martinez v. Lamagno, 515 U.S. 417, 419 (1995).

However, the scope-of-employment certification is not conclusive and a federal court is

empowered to examine the issue independently. Id. at 434.  Moreover, the legislative history of

FELRTCA makes clear that: "If an employee is accused of egregious misconduct, rather than

mere negligence or poor judgment, then the United States may not be substituted as the

defendant," and the employee remains personally liable. H.R. 100-700 at 5, 100th Cong., 2d

Sess., reprinted in 1988 U.S. Code Cong. & Admin.News 5945, 5949.

Moreover, 28 U.S.C. § 2680(h) specifically states: "Any claim arising out of assault,

battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts

5

or omissions of investigative or law enforcement officers of the United States Government, the

provisions of this chapter and section 1346 (b) of this title shall apply to any claim arising, on or

after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false

arrest, abuse of process, or malicious prosecution. For the purpose of this subsection,

"investigative or law enforcement officer" means any officer of the United States who is

empowered by law to execute searches, to seize evidence, or to make arrests for violations of

Federal law."   Defendant Bledsoe is a federal investigative officer as she conducts federal

investigations and can seize evidence for violations of Federal law, accordingly, suit against Ms.

Bledsoe is permitted.

Furthrmore, the facts in this case demonstrate that Defendant's scope of employment

certification is inappropriate and Defendant is the proper party.  District of Columbia law, and

the *Restatement (Second) of Agency* upon which it relies, look to the nature of employment of the

actor in determining whether an action was outside the scope of employment.  In Haddon a

White House electrician, Mr. Freeburger, made threats to a White House chef concerning a

complaint filed by the chef against their mutual supervisor. The Circuit Court, applying D.C.

law, reversed the District Court's dismissal of the case, which had been based upon a finding that

the incident was job related. The Circuit Court found that even though the alleged assault was

job related, and occurred on White House grounds, the conduct was not within the scope of

employment because it was not "of the kind" Mr. Freeburger was employed to perform. "It is not

enough that an employee's job provides an 'opportunity' to commit an intentional tort." … "

Intentional torts must be 'a direct outgrowth of the employee's instructions or job assignment'"

… "Mr. Freeburger's alleged tort did not arise directly out of his instructions or job assignment

as a White House electrician." "… the electrician's conduct was not "of the kind" he was

employed to perform." " … the White house employed Mr. Freeburger to work as an electrician, not to threaten kitchen staff"." Haddon.

In the instant case, Defendant Bledsoe, employed as the EEO Manager for the Pension Benefit Guaranty Corporation, was hired to conduct and manage EEO investigations.  Ms. Bledsoe was not hired to assault and attack Plaintiff, thus her actions in so doing cannot be said to be a "direct outgrowth" of her job assignment.  Accordingly, Ms. Bledsoe was not acting within the scope of her employment and is the proper party for suit in the instant case. Additionally, where the use of force is involved, the use of force must be "expectable" for the conduct to be within the scope of employment. The *Restatement (Second) Agency,* Sec. 228(d), provides, "Conduct of a servant is within the scope of employment …only if …(when) force is intentionally used by the servant against another, the use of force is not unexpectable by the master".  Here, there is nothing in Defendant Bledsoe's job description or duties, namely conducting, investigating, and advising on matters related to EEO matters, that would make the assault upon Plaintiff an expectable or foreseesable part of her job assignment. Accordingly, there exists a material dispute as to the nature of the Defendant's employment, job assignment, and duties, as they relate to alleged incident.

In addition, District of Columbia law and the *Restatement (Second) Agency* provide that an individual acts outside the scope of employment when his or her actions arise solely out of personal interest or gratitude, as opposed to being actuated by a purpose to serve the employer. Boykin v. District of Columbia, 484 A.2d 560 (D.C. 1984). The *Restatement (Second) of Agency, Sec.245, Use of Force, Subsection (f), Servant Actuated by Personal Motives,* provides, in part

"The master, however, is relieved from liability under the rule stated in this

Section, if the servant has no intent to act on his master's behalf, although the

events from which the tortious act follows arise while the servant is acting in the

employment and the servant becomes angry because of them".

Here Plaintiff, raises a material issue as to whether Defendant's assault and attack on Plaintiff

was actuated by a purpose to serve PBGC, or was undertaken solely and independently

for personal spite, retribution, or personal gratitude.  Accordingly, certification is not appropriate

and Defendant Bledsoe is the appropriate party to the instant action.

Finally, District of Columbia law provides that "federal bureaucrats exceed the outer

perimeters of their responsibilities, and act manifestly beyond their line of duty, when

they resort to physical force to compel the obedience of their managerial subordinates".

McKinney v. Whitfield, 736 F.2d 766 (D.C. Cir. 1984), cited in Griggs v. W.M.A.T.A.,

232 F.3d 917 (D.C. Cir. 2000) and Beebe v. W.M.A.T.A., 129 F.3d 1283 (D.C. Cir. 1997).

Defendant's Bledsoe's actions were clearly a resort to physical force to compel Plaintiff, a

subordinate to comply with Ms. Bledsoe's demands and therefore, were beyond the scope of Ms.

Bledsoe's responsibilities making certification inappropriate in the instant case.  Accordingly,

this Court must find that Ms. Bledsoe was not acting within the scope of her employment and

substitution is not proper.

**III.     PLAINTIFF HAS PLED FACTS SUFFICIENT TO WITHSTAND THE
EARLY STAGES OF LITIGATION AND DISMISSAL IS NOT
WARRANTED PRIOR TO DISCOVERY.**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

is to test the sufficiency of the Plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231,

243 (4th Cir. 1999). Accordingly, such a motion should not be granted unless "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  Plaintiff's

Amended Complaint need only satisfy the "simplified pleading standard" of Rule 8(a),

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In

making its determination, this Court must consider all well-pled allegations in the Plaintiff's

Amended Complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe

all factual allegations in the light most favorable to the plaintiff.

Moreover, Federal Rule of Civil Procedure 8 makes clear that Plaintiff need only provide

"a short and plain statement of the claim showing that he is entitled to relief." Swierkiewicz v.

Sorema, N.A., 534 U.S. 506, 511 (2002).  Granting Defendant's motion at this stage in litigation

would allow Defendant, in practical terms, to circumvent the mandates espoused by a unanimous

Supreme Court. Justice Thomas, writing for the Court, explained: "[t]his simplified notice

pleading standard relies on liberal discovery rules and summary judgment motions to define

disputed facts and issues and dispose of unmeritorious claims." Id. at 512.

The Court's rationale envisions a timeline, with a Plaintiff's requirement to meet notice

pleading standards in the early stages, discovery in the middle stages up to and including

depositions of plaintiffs and any motions for summary judgment once unmeritorious claims are

evinced through fruitful discovery.  Plaintiff has pled facts sufficient to meet the standards set

forth in Federal Rule of Civil Procedure 8(a)(2).  In the instant case, Plaintiff has met the notice

and pleading requirements by providing Defendant with a short plaint statement of her

allegations.  There has not been any discovery had on the scope of employment or any other

issues in this case.  In fact, this Court just entered a Scheduling Order in the case on April 21,

2008.  As discussed above, Plaintiff challenges Defendant's scope of employment certification

and believes that discovery will show that Defendant Bledsoe was not acting within the scope of

her employment when she attacked and assaulted Plaintiff.  Specifically, Plaintiff believes that

discovery will show that Ms. Bledsoe's actions were not related to her job description or duties,

were not motivated by an intent to serve her employer, but were motivated by personal feelings

unrelated to Ms. Bledsoe's job assignment and duties. Exhibit 2, Affidavit of Plaintiff.  However,

without the benefit of discovery, Plaintiff will not be able to fully explore and develop the record

sufficiently to demonstrate that Ms. Bledsoe was, in fact, acting outside the scope of her

employment when she assaulted Plaintiff. Id.  Granting Defendant's Motions at this juncture

would circumvent the discovery process and deny Plaintiff the opportunity to fully develop and

litigate the merits of the instant case.


## CONCLUSION

For the foregoing, Plaintiff respectfully requests that this Court deny Defendant's Motion

to Dismiss and Defendant's Motion for Summary Judgment.


Respectfully submitted,


_____/s/_____
Jimmy A. Bell, Esq.
The Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620 (Tel)
(301) 599-7623 (Fax)
MD Bar No. 14639

Complaint –Recorded on June 6, 2007                          RECEIVED

Today June 6, 2007, my supervisor Lori Bledsoe called me by telephone to report to her
office for a budget meeting we were to have. As I was about to report to her office, she
called to delay the meeting for approximately 40 minutes. She finally met with me at
4:50 PM, only 10 minutes before my tour of duty ends for the day.

She began the meeting criticizing me for some invoices that were delinquent in payment.
I reminded her of how many times I had approached her about signing off on the
requisition and that her failure to sign the requisition had caused the delinquency and
inquired of her what else could I have done? She then retorted, "You could have said
more." She then brought forth a memo asking me to sign it saying that it was a follow-up
on our "counseling session" of May 10, 2007. *(For the record, there was no counseling
session on May 10th or any other time and she knows it. I don't know what you would
call what she did but she extracted certain duties from a position description and began
stating that I didn't do this or I didn't do that and that was unacceptable. It was really
strange listening to her site things in the position description that I had not done yet. I
suppose that could be true of everyone who works for the government).* I told her that I
was not going to sign anything without reading it and that it was already past my time to
leave. I immediately advised her that I wanted a witness since I had filed an informal
grievance against her. She said that I could not have one and that I had to sit there and
listen to what she was saying. I repeated my request for a witness. When she denied me I
said that I was leaving. She said that I was not going anywhere and she got up and
blocked me from leaving. I was terrified but tried not to show it and insisted that she let
me out. She then said that I was being insubordinate so I backed away from the door
since she was refusing to let me out and she seemed out of control. She finally moved
from the door so that I could leave. I was very shaken by this incident and a friend
assisted me and brought me home. I had never had anything of this nature happen to me
before and I was visibly shaken. I felt threatened in light of the atmosphere under which
I have been working. Even the Director of the EEO boasted at a staff meeting just a few
weeks ago of how she actually had a fist fight on one of her jobs prior to her coming here.
Thus I had no one to turn to for help when she held me up in her office and refused to let
me out. I was relieved to find David still there and he assisted me home as he had
overheard me asking that she please let me out! As it stands now, I feel that I am in
danger and need to be removed from the EEO office immediately or put on
administrative leave until Rick Silva resolves the grievance that I discussed with him on
Tuesday, June 5, 2007, against Lori Bledsoe, my immediate supervisor.

I believe now that the budget discussion was only a pretext for getting me alone so that
she could manufacture some evidence and carry out her plan to cover up for all of the
agency violations she has committed against me. I also believe that she was intentionally
badgering me so that she could claim that I was insubordinate. I further believe that her
assault of my personal space against me, and holding me hostage in that manner was
unlawful and bordering on criminal behavior. I fear and have reason to believe that she
may attempt other such behavior again or even worse given the opportunity.

                                                              PBGC-4K-1

                                    Exhibit 3

It is now 11:00 PM and I am unable to sleep because of this incident. I must remember to ask Mr. Silva whether the agency has representatives for employees in my situation, ie, the lawyer named Rhonda Baird who works on the 3rd floor. Also need to know what one does when being accosted as I was today. Do you call the security guards or outside police or just what should I do?

Rixene Hicks

*[signature]*

PBGC-4K-2

Exhibit 3

## AFFIDAVIT OF RIXENE HICKS

I, Rixene Hicks, being over 18 years of age, state the following:

On June 6, 2007, Defendant Bledsoe held a meeting with Ms. Hicks. During this meeting, Defendant Bledsoe demanded that Plaintiff sign a memorandum regarding a counseling session that Plaintiff did not agree had taken place.  Plaintiff responded that she did not agree with the memorandum and would not sign it without first having the opportunity to read the document. Plaintiff informed Ms. Bledsoe that she wanted a witness at the meeting and attempted to leave.   At which point, Ms. Bledsoe "hollered" at Plaintiff to sit down and refused to allow Plaintiff to have a witness present. Plaintiff informed Ms. Bledsoe that she was leaving and walked to the door.

Defendant then blocked Plaintiff exit and placed her hand on top of Plaintiff's as Plaintiff attempted to turn the door knob and exit the room.  Defendant again yelled at Plaintiff and demanded that Plaintiff sit down and listen to what Defendant had to say. Finally, Defendant moved out of Plaintiff's way and allowed Plaintiff to leave.

Defendant is employed as EEO Manager and a federal EEO investigator. Defendant is tasked with duties including conducting investigations, managing investigations, and advising on EEO matters.

Notwithstanding the above stated facts, I will be prejudice if this Court decides Defendant's instant Motion without allowing time to complete discovery, including taking the depositions of those individuals with information regarding Defendant's job description, duties, and responsibilities.  Specifically, through discovery I will be able to demonstrate that Defendant was not acting within the scope of her employment as her actions were not the kind for which she was hired to perform, were not actuated by an

2

intent to serve her employer, and the force used was beyond the realm of her duties.

Because this Court just recently issued its Scheduling Order, there has not been any

discovery in the instant case and without discovery, I will not be able to adequately or

fully oppose Defendant's Motions.   In order to oppose Defendant's Motion and

demonstrate that Defendant acted outside the scope of her employment, Plaintiff needs

the full discovery period within which to take depositions and further complete

discovery.

      Under penalty of perjury, I certify that the above statements are true.

                                    _____

                                    Rixene Hicks

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ : | |
| **RIXENE HICKS** | : |
| | : |
| Plaintiffs, | : Case No.: 07-1959-HHK |
| | : |
| v. | : |
| | : |
| **LORI BLEDSOE,** | : |
| | : |
| Defendant. | : |
| _____ : | |

**<u>ORDER</u>**

Upon consideration of Defendant's Motion, Plaintiff's Opposition thereto, and in

the interest of justice, it is, this _____ day of July, 2008, hereby

**ORDERED** that Defendant's Motions is hereby **DENIED**.


_____
United States District Court Judge